GReen, J.
delivered the opinion of the court.
The bill in this case alledges that the complainant's testator in his lifetime, together with A. & S. Caldwell, became security for Mary Vance to Washington & Hay in. a note of $250.
Suit was brought the 16th of October, 1843, and process was served upon the complainant’s testator, the 25th of the same month. Before judgment was obtained the sáid E. B. Roche died. His death was suggested, and the suit revived against the complainant as his executor, who failing to plead a judgment by default was taken, and execution has been issued. The judgment was obtained in less than six months, and execution issued in less than twelve, after his qualification as executor. The bill prays for a perpetual injunction. The defendants demurréd to this bill.
The act of 1829, ch. 58, C. &N. 84, provides that executors and administrators shall have six months after their qualification to ascertain the situation of the estate, and they shall not be liable to answer any writ or summons, where suit shall be commenced within six months after qualification, but all suits commenced as aforesaid, maybe abated and dismissed at the costs of the plaintiffs.
The act of 1831, ch. 23, amendatory of the act of 1829, ch. 57, sec. 2nd, provides that, “no executor or administrator shall confess any judgment in favor of any creditor of any decedent, within less than six months from his qualification, nor suffer any judgment to go against him, within said time by defalcation or otherwise. And if any judgment be obtained as aforesaid, the same shall be void, but it shall be the duty of every execu *143 tor or administrator to plead the said act of 1839, to all suits brought against him within said time, and on failure, it shall be considered a devastavit, except in cases provided for in this act.”
The third section of the act provides that “nothing in this act or the act of 1839, ch. 57, contained shall be held dr construed to prevent the reviving of judgment obtained against the deceased in his lifetime, in the same manner which was in force at the passage of the act of 1829.”
It is supposed, that by the provisions of these statutes the defendants judgment is absolutely void, and that a Court of Chancery will take jurisdiction on that ground to enjoin it.
It is true the act of 1821, declares that if the executor confess a judgment, or permit it to go against him by defalcation within less than six months after his qualification, it shall be void. But the word “void,” evidently is not used here in its absolute sense, for it is immediately added that they shall plead the act of 1829, to all suits brought within said time, and on failure, it shall be considered a devastavit.
Now the provision that they shall plead the act of 1829, shows that they did not use the word “void” in its absolute sense, for if the judgment by default was to be absolutely void, there would be no necessity for the plea of the act of 1829, as a matter of defiance. Besides it is enacted in the same section, that the failure to plead the act of 1629, shall be considered a devastavit. This proves unquestionably that the judgment that might be so rendered within the six months would be operative against the assets in the testator’s hands, otherwise as no loss could happen to the estate, there' could be nothing for which to charge the executor with a devastavit.
We understand the Legislature in this 2nd section.of the act of 1831, only to have intended to prevent favoritism, on the part of the executor, by which a preference might be given to some creditors over others. The meaning of the word “void” therefore, is, that if a judgment shall be confessed or be obtained by default within six months, it shall be inoperative for the time limited, so that no such advantage shall be permitted to exist.
*144 It may well be questioned, also, whether the proviso in the third section, by a fair interpretation of this act does not extend to this act.
Here the suit was brought in the testator’s lifetime, and although judgment had not been obtained so as to fall within the words of the proviso, it evidently is not in the category of the cases, against which the Legislature intended to provide. Their object was to prevent the executor or administrator from giving any advantage to favorite creditors, to the injury of other creditors, by permitting them to sue within the six months, and obtain judgments before others could sue. But in this case the suit was commenced before the death, and no such collision could exist.
But without placing the case upon the proviso of the third section, we do not think the judgment absolutely void by the provisions of the second section.
2. But in relation to the judgment and execution, if absolutely void, there would be no difficulty or embarrassment in obtaining ample relief in a cou.rt of law. The judgment might be vacated on motion if void, and the execution could have been superseded and quashed.
In any view of the case the demurrer was well taken, and was properly allowed by the chancellor.
Affirm the decree.